JED KURZBAN                                    10355-0
jed@kktplaw.com
KURZBAN KURZBAN TETZELI & PRATT, P.A.
c/o 1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (786) 401-4706
Facsimile:  (305) 444-3503

DAMON KEY LEONG KUPCHAK HASTERT
ANNA H. OSHIRO                         5852-0
aho@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

ANDREW DAVID CHERKASKY (*Pro Hac Vice Pending*)
andy@goldenlawinc.com
GOLDEN LAW, INC.
27702 Crown Valley Pkwy, Suite D4 #414
Ladera Ranch, CA 92694
Telephone: (949)491-1661
Facsimile:  (949)491-1467

LAUREN GALLAGHER (*Pro Hac Vice Pending*)
lgallagher@kktpkaw.com
KURZBAN KURZBAN TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida  33134
Telephone: (305) 444-0060
Facsimile:  (305) 444-3503

Attorneys for Plaintiffs
ESTATE OF MELODY MENAYE EDUSAH,
BY AND THROUGH ITS EXECUTOR, LATRICE
EDUSAH; LATRICE EDUSAH, INDIVIDUALLY;
and DAMIEN EDUSAH, INDIVIDUALLY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ESTATE OF MELODY MENAYE EDUSAH, by and through Its Executor, LATRICE EDUSAH; LATRICE EDUSAH, INDIVIDUALLY; and DAMIEN EDUSAH, INDIVIDUALLY, <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Civil No. _____ <br><br> **COMPLAINT; SUMMONS** |

## COMPLAINT

COMES NOW the Plaintiffs, the Estate of Melody Menaye Edusah, by and though its Executor Latrice Edusah; and Latrice Edusah and Damien Edusah, individually (hereinafter "Plaintiffs"), by and through their attorneys, and for their Complaint against the United States of America (hereinafter "Defendant"), state as follows:

### INTRODUCTION

1. This lawsuit concerns the substandard medical care provided by agents, servants, and employees of the United States Government at the Tripler Army Medical Center (hereinafter "Tripler") to the decedent, Melody Menaye Edusah ("Melody"), between on or about May 27, 2017 and March 22, 2018 when Melody

was repeatedly seen by providers at Tripler who failed to exercise the standard of care by repeatedly failing to diagnose, treat, and/or refer Melody for a malignant neuroblastoma in her abdomen, resulting in the wrongful death of Melody Edusah at 10 months of age.

## JURISDICTON AND VENUE

2. Plaintiffs bring this lawsuit pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671 et seq. ("FTCA") based on the negligent acts and omissions of Defendant's employees or agents, as set forth in this Complaint.

3. Pursuant to the provisions of the FTCA, Plaintiffs filed administrative claims for personal injury, wrongful death, and loss of consortium against the United States of America within the statutory period as required by law for $25,000,000.00 (for Plaintiff Latrice Edusah), $25,000,000.00 (for Plaintiff Damien Edusah) and $25,000,000.00 (for Plaintiff's Estate). More than six months have passed since the timely filing of the administrative claim with no final agency action. Plaintiffs' lawsuit following the statutory period for agency review is timely.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346.

5. Venue is proper under 28 U.S.C. §1391(b), 1402.

6. Injuries suffered by Plaintiffs occurred in the City and County of Honolulu, State of Hawaii. Decedent Melody died in the State of Hawaii due to the

negligence of Defendant's employees, agents and/or representatives as set forth in this lawsuit.

## PARTIES

7. At all times relevant herein, Plaintiffs Latrice and Damien Edusah were on active duty in the armed forces of the United States of America and resided in the City of County of Honolulu, State of Hawaii, when the events giving rise to this lawsuit occurred. Damien Edusah is African and Latrice Edusah is African-American.

8. Plaintiffs Latrice and Damien Edusah are the biological parents of Melody Edusah and were her legal guardians at the time of her death.

9. Latrice Edusah is the executor of the Estate of Melody Edusah.

10. Melody Edusah was treated at Tripler, and passed away on March 22, 2018. They are, collectively, the Plaintiffs to this action.

11. At all times relevant herein, Defendant United States of America operated the healthcare facility Tripler Army Medical Center (Tripler) with locations in Schofield Barracks and in the City and County of Honolulu, State of Hawaii, and provided healthcare services including but not limited to medical, surgical, and hospital care and treatment.

12. At all times relevant herein, Defendant Tripler represented itself to Plaintiffs as medical facilities and medical providers that had and possessed the

requisite skill, competence, facilities, and personnel to properly care for and treat Decedent Melody, while she was alive.

13. At all times relevant herein, the Defendant provided personnel, including doctors and others for the care and treatment of patients, including Decedent Melody.

14. At all times relevant herein, Defendant's employees, agents, representatives, including but not limited to physicians, including Dr. Raquel Chan-Ikeda, who injured the Plaintiffs through their negligent acts and omissions were employed by Defendant and were acting in the course and scope of their employment throughout the period of their treatment of Decedent Melody.

## FACTUAL ALLEGATIONS

15. Melody, the daughter of Plaintiffs Latrice and Damien Edusah, was born on May 27, 2017 at Tripler in Hawaii. She died less than ten months later on March 22, 2018 at this same facility as a result of the Defendant's negligence.

16. On June 8, 2017, Melody was seen at Tripler for an exam. She was 12 days of age.

17. On June 10, 2017, Melody was brought to the Emergency Department, at Tripler, for an exam.

18. On June 27, 2017, Melody was seen at Tripler for an exam.

19. On July 27, 2017, Melody was again seen at Tripler for an exam. She was 2 months old.

20. On August 9, 2017, Melody was seen at Tripler by Dr. Chan-Ikeda for an exam.

21. On September 6, 2017, Melody was taken to the Emergency Department at Tripler for an exam.

22. On September 7, 2017, Melody was seen at Tripler for an exam by Dr. Chan-Ikeda.

23. On September 11, 2017, Melody was seen at Tripler by Dr. Chan-Ikeda for an exam.

24. On September 13, 2017, Melody was again seen at Tripler by Dr. Chan-Ikeda for an exam.

25. On September 19, 2017, Melody was seen at Tripler by Dr. Chan-Ikeda for an exam. Melody was 4 months, 3 weeks old.

26. On September 27, 2017, Melody was seen at Tripler for an exam by Dr. Chan-Ikeda.

27. On October 13, 2017, Melody was seen by Dr. Chan-Ikeda at Tripler for an exam.

28. On November 27, 2017, Melody was seen at Tripler by Dr. Chan-Ikeda for an exam. She was 6 months old.

29. On December 14, 2017, Melody was seen by Dr. Chan-Ikeda at Tripler for an exam.  She was 6 months old.

30. On January 24, 2018, Melody was given an exam at Tripler by Dr. Chan-Ikeda.

31. On March 4, 2018, Melody was seen at Tripler for an exam.

32. On March 5, 2018, Melody was seen by Dr. Chan-Ikeda at Tripler for an exam.

33. On March 16, 2018, Melody was seen by Dr. Chan-Ikeda at Tripler for an exam. She was 9 months old.

34. On March 18, 2018, Melody was seen at Tripler for an exam.

35. Subsequently, Melody was admitted to the Tripler's Emergency Department.

36. On March 19, 2018, Melody was examined by pediatric cardiology at Tripler.

37. On March 21, 2018, an abdominal US showed a large, heterogeneous abdominal mass measuring 6.5 x 8.6 x 6.7 cm which appeared to encase the abdominal vasculature highly concerning for neuroblastoma or lymphoma. Findings were concerning for neuroblastoma.

38. On March 22, 2018, pathology eventually reported an undifferentiated neuroblastoma with no amplification of MYCN.

39. Melody was intubated and mechanically ventilated during these procedures. She then coded after returning to the PICU from the procedures. She was declared dead at 21:09.

40.     In total, Melody was seen at Tripler twenty-two times in the nine-month period before her death, including twelve times by Dr. Chan-Ikeda.

41.     During these numerous appointments, Latrice Edusah expressed concerns about Melody's stomach, including the size and firmness of her stomach.

42.     Had an appropriate and thorough abdominal examination been performed during the numerous visits to Tripler prior to Melody's death, more likely than not, this large abdominal mass would have been appreciated. Had the mass been found in an earlier clinic visit, the treatment of the neuroblastoma would have, more likely than not, been successful.

43.     As a result of the negligence of the United States Government, Melody sustained pain and suffering, mental anguish, disfigurement, loss of enjoyment of life, loss of future earning, and loss or impairment of earning capacity.

44.     As a result of the negligence of the United States Government, the Estate of Melody Edusah sues the Defendant to recover for pre-death pain and suffering, mental anguish, and disfigurement, loss of enjoyment of life, loss of future earning, loss or impairment of earning capacity, and expenses of the deceased's last illness and burial, and any and all other available estate claims and expenses, resulting from the death of Melody. Plaintiffs Damien Edusah and Latrice Edusah are entitled to recover for the loss of society, companionship, comfort, consortium, or protection, loss of filial care or attention, and negligent infliction of emotional distress resulting from the death of their child, Melody.

## COUNT I - NEGLIGENCE

45. Plaintiffs incorporate paragraph 1 through 43 as if fully set forth herein.

46. At all relevant times, Defendant promoted its employees and/or agents, including Dr. Chan-Ikeda as a sufficiently skilled pediatrician to capably and competently examine, diagnose, and treat Melody according to the standards of care of American medicine in this field.

47. Defendant, through its employees and agents, had a duty during the medical care of Melody to use such skill, prudence, and diligence as other members of the medical community commonly possess and exercise.

48. Defendant, through its employees and agents had a duty to appropriately examine, diagnose, counsel, care for, and treat Melody.

49. Defendants owed a duty to ensure the treatment and services provided to Melody were adequate and appropriate in the circumstances.

50. Defendants owed special care and treatment to Melody as a baby who cannot advocate and/or care for herself.

51. Defendant, through its employees and/or agents, were negligent, committed medical torts, and breached the duty of due care owed to the Plaintiffs by deviation from applicable standards of care required of medical professionals, including but not limited to the following:

    a. The failure to perform appropriate, thorough, complete and proper abdominal examinations;

  b. The failure to properly monitor, document, and/or note Melody's abdominal examinations;

  c. The failure to follow up abdominal examinations with appropriate testing, including diagnostic imaging studies of Melody's abdomen;

  d. The failure to investigate Melody's repeated abnormal symptoms;

  e. The failure to investigate Melody's sympathetic nervous system symptoms;

  f. The failure to examine, treat, and/or diagnose Melody's neuroblastoma prior to her death;

  g. The failure to otherwise provide treatment, care, and/or follow-up to address Melody's condition and/or medical issues.

52. Defendant is vicariously liable for the negligence of its agents and/or employees who were in the course and scope of their duties under the doctrine of *respondeat superior*.

53. As a result of the medical negligence of Tripler personnel and/or employees, Plaintiff Latrice Edusah suffered amongst other injuries, emotional distress and the loss of society, companionship, comfort, consortium, or protection and loss of filial care or attention, and the wrongful death of her daughter.

54. As a result of the medical negligence of Tripler personnel and/or employees, Plaintiff Damien Edusah suffered amongst other injuries, emotional distress and the loss of society, companionship, comfort, consortium, or protection and loss of filial care or attention, and the wrongful death of his daughter.

55. As a direct and proximate result of the Defendant's negligence, Decedent Melody Edusah suffered injuries and damages, including but not limited to wrongful death, conscious pain and suffering, mental anguish, disfigurement, loss of enjoyment of life, loss of future earning, loss or impairment of earning capacity, negligent infliction of emotional distress, and expenses prior to her death, and other special and general damages to be proven at trial.

### COUNT II – WRONGFUL DEATH

56. Plaintiffs incorporate paragraph 1 through 54 as if fully set forth herein.

57. Defendant, through the negligent acts heretofore alleged, is liable for the wrongful death of Melody Menaye Edusah and the Plaintiffs are entitled to recovery for all those damages provided by Hawaii law in an amount to be proved at trial.

### COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO LATRICE EDUSAH

58. Plaintiffs incorporate paragraph 1 through 56 as if fully set forth herein.

59. At all times relevant herein, Plaintiff Latrice Edusah suffered severe and devastating emotional distress by witnessing the deterioration of her daughter,

the effects of the severe infection during the time period in which Melody was not properly diagnosed, and her death.

60. Plaintiff Latrice Edusah is entitled to compensation for her emotional distress arising out of the severe and avoidable injuries to her daughter caused by the negligence of the Defendant.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO DAMIEN EDUSAH

61. Plaintiffs incorporate paragraph 1 through 59 as if fully set forth herein.

62. At all times relevant herein, Plaintiff Damien Edusah suffered severe and devastating emotional distress by witnessing the deterioration of his daughter, the effects of the severe infection during the time period in which Melody was not properly diagnosed, and her death.

63. Plaintiff Damien Edusah is entitled to compensation for his emotional distress arising out of the severe and avoidable injuries to his daughter caused by the negligence of the Defendant.

### COUNT V – LOSS OF CONSORTIUM AS TO LATRICE EDUSAH

64. Plaintiffs incorporate paragraph 1 through 62 as if fully set forth herein.

65. At all times relevant herein, Plaintiff Latrice Edusah was the lawful mother of Decedent Melody Menaye Edusah.

66. Plaintiff Latrice Edusah had a metal breakdown as a result of the death of her daughter Melody because a loss of your child is devastating.

67. By virtue of the negligence heretofore alleged, and Defendant's breach of its duties owed to Plaintiffs, and Plaintiff Latrice Edusah suffered and continues to suffer a severe and permanent loss of filial consortium as a result of the severe injuries to her daughter and her ultimate death, causing damage in an amount to be proved at trial.

## COUNT VI - LOSS OF CONSORTIUM AS TO DAMIEN EDUSAH

68. Plaintiffs incorporate paragraph 1 through 66 as if fully set forth herein.

69. At all times relevant herein, Plaintiff Damien Edusah was the lawful father of Decedent Melody Menaye Edusah and by virtue of the negligence heretofore alleged, and Defendant's breach of its duties owed to Plaintiffs, Plaintiff Damien Edusah suffered and continues to suffer a severe and permanent loss of filial consortium as a result of the severe injuries to his daughter and her ultimate death, causing damage in an amount to be proved at trial.

## REQUEST FOR ADVISORY JURY

Pursuant to Rule 39(c) of the Federal Rules of Civil Procedure, "In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury." Fed. R. Civ. P. 39(c)." Plaintiffs hereby request an advisory jury.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully demand judgment in his favor and to:

A. Award Plaintiffs compensatory, consequential and incidental damages in an amount to be proven at trial, but not less than $25,000,000.00;

B. Award Plaintiffs their costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988;

C. Award pre- and post-judgment interest on any award as permitted by law;

D. Award other costs and expenses as permitted by law; and

E. Award such other relief that this Court deems just and proper.

DATED: Honolulu, Hawaii, January 27, 2021.

Respectfully Submitted,

KURZBAN KURZBAN TETZELI & PRATT, P.A.
and
DAMON KEY LEONG KUPCHAK HASTERT

*/s/ Anna H. Oshiro*
JED KURZBAN
ANNA H. OSHIRO

ANDREW DAVID CHERKASKY
CA Bar: 290501 & IL Bar: 6289219
Golden Law, Inc.
*Pro Hac Vice Pending*

LAUREN GALLAGHER
Fla. Bar No.: 123550
Kurz ban Kurzban Tetzelli & Pratt, P.A.
*Pro Hac Vice Pending*

Attorneys for Plaintiffs